IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| DAVID ANTHONY FALLON, | No. CIV S-06-1293 LKK KJM PS |
|---|---|
| | No. CIV S-06-1729 LKK KJM PS |
| | No. CIV S-06-1864 GEB KJM PS |
| Plaintiff, | No. CIV S-06-1891 MCE KJM PS |
| | No. CIV S-06-1958 MCE KJM PS |
| v. | No. CIV S-06-1962 FCD KJM PS |
| | No. CIV S-06-1976 MCE KJM PS |
| UNITED STATES GOVERNMENT, | <u>ORDER AND</u> |
| Defendant. | <u>FINDINGS AND RECOMMENDATIONS</u> |
| _____/ | |

Plaintiff, proceeding in these actions pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. These proceedings were referred to this court by Local Rule 72-302(c)(21). While the proceedings have not been related or consolidated under the Local Rules, in the interest of judicial economy, the undersigned issues this order and findings and recommendations in each of the above-listed actions.

For each of the above-listed actions, plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the requests to proceed in forma pauperis will be granted.

/////

1

1    Plaintiff's handwritten complaints in these actions vary from one to three pages in
2    length, excluding exhibits. Each of the complaints names the same defendant, "United States
3    Government," is at least partially illegible and for the most part is unintelligible.

4    Just like the other complaints plaintiff has filed in this court over the last year or so,[1] no
5    basis for federal jurisdiction is alleged in these most recent complaints. Indeed, the undersigned finds
6    that the court lacks subject matter jurisdiction over these actions. See Bell v. Hood, 327 U.S. 678, 682
7    (1946) (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly
8    insubstantial and frivolous" and "so patently without merit"); Hagans v. Levine, 415 U.S. 528, 543
9    (1974) (stating that a claim may be dismissed for lack of jurisdiction where it is "so insubstantial,
10   implausible, foreclosed by prior decisions of this Court or otherwise completely devoid of merit as not
11   to involve a federal controversy within the jurisdiction of the District Court"). See also Franklin v.
12   Murphy, 745 F.2d 1221, 1227 (9th Cir. 1984) ("A paid complaint that is 'obviously frivolous' does not
13   confer federal subject matter jurisdiction and may be dismissed sua sponte before service of process.")
14   (citations omitted). Accordingly, the undersigned will recommend that these actions be dismissed with
15   prejudice for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3). Based on plaintiff's
16   history of filing obviously frivolous actions, granting leave to amend would be futile.

17   Accordingly, IT IS HEREBY ORDERED that:

18   1. Plaintiff's requests for leave to proceed in forma pauperis in the above-listed actions
19   are granted;

20   2. Plaintiff is cautioned that the continued filing of obviously frivolous actions over
21   which this court lacks subject matter jurisdiction may result in the imposition of pre-filing sanctions;

22   3. The Clerk of the Court is directed to file and serve this order and findings and
23   recommendations in each of the above-listed actions; and

---

[1] The other complaints which were assigned to and reviewed by the undersigned are 05-968 LKK KJM PS, 05-2121 GEB KJM PS, 05-2451 FCD KJM PS, 06-1112 LKK KJM PS, 06-1222 GEB KJM PS, 06-1225 LKK KJM PS, 06-1226 DFL KJM PS.

IT IS HEREBY RECOMMENDED that these matters be dismissed for lack of subject matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within ten (10) days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 10/19/06

UNITED STATES MAGISTRATE JUDGE

006
fallon.various.ifp.f&r

3